UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MR. JJ, LLC d/b/a Veteran Payment Systems**, a Delaware limited liability company, | ) ) ) ) |
| Plaintiff, | ) ) **Case No.** |
| v. | ) ) ) |
| **CLEARENT, LLC**, a Missouri limited liability company, Serve:  BCRA Co. 221 Bolivar Street, Suite 101 Jefferson City, MO 65101 | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, MR. JJ, LLC d/b/a Veteran Payment Systems ("Plaintiff" or "Veteran"), through undersigned counsel, submits its Complaint against Clearent, LLC ("Defendant" or "Clearent") and states and alleges as follows:

## PARTIES

1. MR. JJ, LLC is a Delaware limited liability company with two individual members who both reside in and are citizens of Florida.  MR. JJ, LLC is the successor in interest to Veteran Payment Systems, LLC.

2. Clearent is a Missouri limited liability company. Upon information and belief, Clearent has two members, Clearent Newco, LLC a/k/a XPLOR T1, LLC and CMS Intermediate, Inc. Upon information and belief, Clearent Newco, LLC changed its name to XPLOR T1, LLC.

3. Upon information and belief, all of Clearent Newco, LLC's members reside in and are citizens of Delaware with their principal places of business in Delaware.

4. Upon information and belief, CMS Intermediate, Inc. is a Delaware corporation with its principal place of business in Delaware.

5. Clearent's registered office address is located at 221 Bolivar Street, Suite 101, Jefferson City, Missouri 65101.

6. Clearent's principal place of business is located at 11330 Olive Blvd., Suite 200, Creve Coeur, Missouri 63141.

7. Clearent conducts business in St. Louis County, Missouri.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this matter pursuant to 28 USC § 1332 as all members of Mr. JJ have a different citizenship than all members of Defendant and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this district and Defendant conducts business in this district.

10. Venue is proper in this Court under 28 USC § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in St. Louis County, Missouri and because Defendant is subject to this Court's personal jurisdiction.

11. Further, venue is proper because Section 7.7 of the Clearent Independent Sales Organization Agreement, (the "ISO Agreement," attached as **Exhibit 1**), states that any claim arising from that agreement shall be litigated in this Court.

## FACTUAL ALLEGATIONS

**The Clearent-Veteran ISO Agreement**

12. Clearent is in the business, among other things, of providing credit and debit card processing services to merchants.

13. Veteran also provides credit and debit card processing services to merchants.

14. On April 21, 2011, Clearent and Veteran entered into the Clearent Independent Sales Organization Agreement pursuant to which Veteran would act as an independent sales organization (ISO) and solicit and refer merchants to Clearent.

15. Section 3.8 of the ISO Agreement contains a Non-Solicitation provision which provides that, "[d]uring the term of this Agreement, neither party will seek to hire the other party's employees or sales agents without written consent."

16. One of Veteran's sales and referral agents covered under Section 3.8 was First Security Bank ("FSB"), which Veteran worked with for approximately five years pursuant to a Referral Agreement.

17. Clearent knew that FSB was a Veteran sales agent because it approved FSB personnel as sales agents under Veteran's platform.

18. Throughout those five years, FSB referred at least 708 merchant accounts to Veteran, which in turn, referred them to Clearent for credit and debit card processing and other services.

**The FSB-Clearent Relationship**

19. In or around November 2020, FSB and Clearent first expressed to Veteran a desire to establish a direct contractual relationship with one another and thereby bypass Veteran, which would have been prohibited under Section 3.8 of the ISO Agreement without Veteran's consent.

SL 5488046.2

20. Clearent explicitly asked Veteran for permission to enter into a direct contractual relationship with FSB as required by Section 3.8 of the ISO Agreement because Clearent knew that FSB was a Veteran sales agent covered by Section 3.8 of the ISO Agreement. If FSB was not a sales agent covered under the ISO Agreement, Clearent would not have sought Veteran's permission.

21. Veteran did not initially consent to the establishment of a direct contractual relationship because it was concerned that FSB and Clearent could or would simply move to the new Clearent-FSB platform those Veteran merchants already processing with Clearent through Veteran that FSB had originally referred to Veteran.

22. Moreover, Veteran had previously sold part of its Clearent residual stream for certain merchant accounts on October 20, 2020 pursuant to a certain Residual Asset Purchase Agreement (the "Asset Purchase Agreement"). Clearent was specifically aware that Veteran had entered into the Asset Purchase Agreement because, as part of that transaction, its prior loan to Veteran was paid off entirely.

23. Veteran's principal concern and objection to the establishment of a direct contractual relationship between FSB and Clearent was that FSB and Clearent would move the merchants referred by FSB to Veteran (which were already processing with Clearent) to the new FSB-Clearent platform where they would continue to be processed by Clearent.

24. If Clearent permitted FSB to move those merchants, then Veteran would be at risk of losing an approximate $550,000 earnout to which it would be entitled under the Asset Purchase Agreement. In other words, if Clearent permitted enough Veteran merchants to be moved off of the Veteran platform and onto FSB's platform, Veteran's residual stream would fall below the

Asset Purchase Agreement thresholds such that Veteran would forfeit the $550,000 it would have received but for Clearent's improper interference with its accounts.

25. Separate from the Asset Purchase Agreement, Veteran also sold a part of its Clearent residual stream to a different purchaser. Pursuant to the terms of that sale, the buyer retained a set amount of money each month from the residual stream and paid Veteran the excess. Veteran would be at risk of forfeiting those payments if sufficient merchants were removed from Veteran's platform.

26. In order to induce Veteran to consent to a direct Clearent-FSB contractual relationship, Clearent represented and promised that Clearent's ISO Agreement with FSB would contain a non-solicitation provision prohibiting Veteran's merchants processing with Clearent from being moved to FSB's new Clearent portfolio (the "FSB Non-Solicitation Provision") and that Clearent would enforce said provision.

27. Based on these inducements, promises and representations, Veteran consented to a direct relationship between Clearent and FSB but did so only on the condition that the FSB Non-Solicitation Provision was included in the ISO agreement and would be enforced by Clearent.

28. Clearent and FSB then entered into a direct ISO Agreement and Rich Cleaver, a Strategic Partnership Manager of Clearent, confirmed to Veteran that the FSB Non-Solicitation Provision was included in that agreement.

29. Cleaver stated, "[o]ur ISO agreement contains language that prohibits soliciting any Merchant currently processing with Clearent. This language is in effect during agreement and for 2 years after termination. Since the initial agreement term is 3 years it's effective for at least 5 years from the date the agreement is executed." *See* e-mail correspondence between Ron Prochak and Richard Cleaver attached as **Exhibit 2**.

SL 5488046.2

**Veteran Merchants Referred by FSB Are Unlawfully Moved From Veteran's Clearent Portfolio To FSB's Clearent Platform in Breach of the ISO Agreement and FSB Non-Solicitation Provision**

30. By July 2021, Veteran learned that several Veteran merchants originally referred by FSB had been moved from Veteran's Clearent portfolio to FSB's Clearent Portfolio.

31. In August 2021, Veteran contacted Clearent regarding these merchants, but Clearent stated that it did not see that any accounts had been transferred from Veteran to FSB.

32. Veteran then contacted FSB in November 2021, and it confirmed that several Veteran accounts were moved to FSB's portfolio by Clearent.

33. Thus, Veteran again contacted Clearent and provided a list of merchants that had been moved. At that time, Clearent verified that those merchants had been moved to FSB's portfolio and represented that it would transfer the merchants back to Veteran.

34. Clearent only moved one account back to Veteran's portfolio.

35. By the next month, more Veteran merchants had been moved to the FSB portfolio, so in December 2021, Veteran contacted Clearent again, demanding that it enforce the FSB Non-Solicitation Provision. Clearent did nothing to rectify the situation.

36. In January 2022, after at least 40 merchants had been moved to FSB's portfolio from Veteran's portfolio, Veteran demanded that Clearent either enforce and honor the FSB Non-Solicitation Provision or terminate its agreement with FSB.

37. To date, Clearent has neither sought to enforce the FSB Non-Solicitation Provision nor terminated the FSB ISO Agreement.

## COUNT I – BREACH OF CONTRACT
### (The ISO Agreement)

38. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully stated herein.

39. The ISO Agreement between Clearent and Veteran constituted a valid and binding contract.

40. The ISO Agreement contained a Non-Solicitation provision (Section 3.8) which provided that, "[d]uring the term of this Agreement, neither party will seek to hire the other party's employees or sales agents without written consent."

41. FSB was a sales agent of Veteran.

42. Clearent approved FSB personnel as sales agents under Veteran's platform.

43. Further, Clearent explicitly asked Veteran for permission to enter into a direct contractual relationship with FSB, which it was required to do under Section 3.8. If FSB was not a sales agent covered under Section 3.8 of the ISO Agreement, Clearent would not have sought Veteran's permission.

44. Thus, the clear and unambiguous language of Section 3.8 of the ISO Agreement prohibited Clearent from establishing a direct contractual relationship with FSB without Veteran's permission.

45. Veteran permitted Clearent to contract directly with FSB on the condition that Clearent would not allow merchants from Veteran's Clearent platform to be moved to FSB's Clearent platform, memorialized by the FSB Non-Solicitation Provision, which Clearent was obligated to enforce.

46. Clearent did not enforce the FSB Non-Solicitation Provision and allowed many merchants to be moved from Veteran's portfolio to FSB's portfolio.

47. Clearent breached the ISO Agreement.

48. Veteran has performed all of its obligations under the ISO Agreement, and/or its obligations have been excused or discharged by Clearent's acts or omissions.

SL 5488046.2

49. As a direct result of Clearent's breach, Veteran has been damaged in excess of $75,000 due to lost residual streams and earnouts it would have otherwise received had Clearent complied with its obligations to ensure Veteran merchants processing with Clearent were not moved to FSB's Clearent platform.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant for the full amount of its actual damages of at least $75,000 plus pre-judgment interest as permitted by law, exclusive of costs and attorneys' fees, and for any other relief as this Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT
### (As A Third-Party Beneficiary Of The FSB Non-Solicitation Provision)

50. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully stated herein.

51. Veteran was an express and intended third-party beneficiary of the FSB Non-Solicitation Provision in the Clearent-FSB ISO Agreement.

52. The plain language of the FSB Non-Solicitation Provision clearly and directly evinces an intent to benefit ISOs such as Veteran that have existing merchants on their Clearent platforms. In fact, the FSB Non-Solicitation Provision does not benefit Clearent because regardless of whose platform the merchant processes under, Clearent does the processing and earns the same or substantially similar fee for doing so.

53. Further, the FSB Non-Solicitation Provision was included in the Clearent-FSB ISO Agreement because of Clearent's explicit promise to Veteran that it would not allow merchants referred to Veteran by FSB to be moved off Veteran's Clearent platform and that Clearent would enforce the FSB Non-Solicitation Provision if Veteran allowed Clearent and FSB to enter into a direct contractual relationship.

54. Thus, Clearent explicitly intended for Veteran to be a third-party beneficiary of the FSB Non-Solicitation Provision.

55. Because Veteran is an intended third-party beneficiary of the FSB Non-Solicitation Provision, it has standing to enforce the FSB Non-Solicitation in the Clearent-FSB ISO Agreement and to recover damages for Clearent's breach of that provision.

56. Clearent breached and failed to enforce the FSB Non-Solicitation Provision in the Clearent-FSB ISO Agreement.

57. As a direct result of Clearent's breaches, Veteran has been damaged in excess of $75,000 due to lost residual streams and earnouts it would have otherwise received had Clearent complied with and/or enforced the FSB Non-Solicitation Provision in the Clearent-FSB ISO Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant for the full amount of its actual damages of at least $75,000 plus interest as permitted by law, exclusive of costs and attorneys' fees, and for any other relief this Court deems just and proper under the circumstances.

**COUNT III – FRAUD, MISREPRESENTATION AND FRAUDULENT INDUCEMENT**

58. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully stated herein.

59. As an inducement to obtain Veteran's permission to enter into a direct contractual relationship with FSB, Clearent explicitly promised and represented to Veteran that it would not allow merchants referred to Veteran by FSB to be moved off of Veteran's Clearent platform and further that it would enforce the FSB Non-Solicitation Provision if Veteran allowed Clearent and FSB to enter into a direct contractual relationship (the "Representations").

60. The Representations were false, as Clearent allowed Veteran's merchants to be moved to FSB's Clearent platform and refused to move those merchants back to Veteran's portfolio and further refused to enforce the FSB Non-Solicitation Provision despite Veteran's demands to do so.

61. Clearent knew the Representations were false and made them solely to induce Veteran to permit Clearent and FSB to enter into a direct contractual relationship.

62. The Representations were material, as Veteran only agreed to allow FSB and Clearent to enter into a direct contractual relationship based on Clearent's Representations.

63. Veteran had no reason to believe the Representations were false and properly relied on the Representations in allowing Clearent and FSB to contract directly with one another.

64. As a direct result of Clearent's fraudulent misrepresentations, Veteran has been damaged in excess of $75,000 due to lost residual streams and earnouts it would have otherwise received had Clearent enforced the FSB Non-Solicitation Provision in the Clearent-FSB ISO Agreement, as it represented to Veteran it would do in order to induce Veteran to allow Clearent and FSB to enter into a direct contractual relationship.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant for the full amount of its actual damages of at least $75,000, punitive damages as permitted by law, and for any other relief as this Court deems just and proper under the circumstances.

## COUNT IV – DECLARATORY JUDGMENT

65. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully stated herein.

66. The ISO Agreement states that it is to be construed under the laws of Missouri.

SL 5488046.2

67. Missouri law provides for a stand-alone declaratory judgment action.

68. Mo. Rev. Stat. § 527.020 states, "[a]ny person interested under a … written contract or other writings constituting a contract, … may have determined any question of construction or validity arising under the … contract … and obtain a declaration of rights, status or other legal relations thereunder."

69. There is a presently-existing, real, substantial controversy between Veteran and Clearent relating to the parties' conflicting views of (1) Veteran's rights and Clearent's obligations under Section 3.8 of the ISO Agreement; and (2) Veteran's rights as a third-party beneficiary of the FSB Non-Solicitation Provision in the FSB-Clearent ISO Agreement, and these disputes require this Court to declare the parties' respective rights and obligations pursuant to both the ISO Agreement and FSB Non-Solicitation Provision.

70. Further, Veteran has a legally protectable interest as it is a party to the ISO Agreement and a third-party beneficiary of the FSB Non-Solicitation Provision pursuant to which there is a dispute as to Clearent's obligations and Veteran's rights.

71. This dispute is also ripe for judicial determination as Veteran has advised Clearent of its rights under the ISO Agreement and FSB Non-Solicitation Provision, but Clearent has made no effort to respond meaningfully to Veteran's demands or move the unlawfully transferred merchants back to Veteran's platform.

72. Veteran has no adequate remedy at law to resolve this dispute.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting Veteran declaratory relief declaring that (1) Section 3.8 of the ISO Agreement applies to FSB; (2) Veteran is a third-party beneficiary of the FSB Non-Solicitation Provision; (3) Clearent breached both the ISO Agreement and the FSB Non-Solicitation Provision; (4) Clearent is obligated to pay

SL 5488046.2

Veteran any amounts forfeited by Veteran under the Asset Purchase Agreement as a result of merchant attrition arising from Clearent's breaches of the ISO Agreement and FSB Non-Solicitation Provision; (5) Clearent is obligated to pay Veteran for any amounts forfeited from the monthly residual stream which Veteran had earned from the other residual sale; (6) Clearent is obligated to defend and indemnify Veteran as a result of any actions brought against Veteran for claimed violations of the Asset Purchase Agreement, and (7) granting and declaring all other relief as this Court deems just and proper under the circumstances.

              SPENCER FANE LLP

            By: /s/ Erik O. Solverud
              Erik O. Solverud, #44291MO
              1 N. Brentwood Blvd., Suite 1000
              St. Louis, MO 63105
              (314) 863-7733 (Telephone)
              (314) 862-4656 (Facsimile)
              esolverud@spencerfane.com

            *Attorneys for Plaintiff*